UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Jai Britt

   v.                                                                 Case No. 23-cv-409-SM-TSM

United States

### REPORT AND RECOMMENDATION

Jai Britt, a prisoner at FCI McKean in Pennsylvania, has filed a petition (Doc. No. 1), which this court has liberally construed as challenging the calculation of his pretrial sentence credits by the Federal Bureau of Prisons ("BOP"), seeking relief under 28 U.S.C. § 2241, and also asserting a claim asking the court to resentence him.  This court directed the clerk's office to file a copy of this petition as a motion in the petitioner's criminal case, United States v. Britt, No. 1:19-cr-00103-JL (D.N.H.), for the presiding judge in that matter to consider whether relief should be granted within the criminal case.  That motion remains pending.  To the extent this petition seeks relief under § 2241, the matter is here for preliminary review to determine whether Mr. Britt has asserted facially valid claims of a violation of his federal rights.  See 28 U.S.C. § 2243; Rule 4 of the Rules Governing Section 2254 Cases ("§ 2254 Rules"); § 2254 Rule 1(b) (authorizing court to apply § 2254 Rules to petitions filed under § 2241); LR 4.3(d)(4).

### Standard

Pursuant to § 2254 Rule 4, a judge is required to examine a petition for habeas relief and, if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition."  Id.  "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face."

McFarland v. Scott, 512 U.S. 849, 856 (1994).  The court construes [petitioner]'s pleadings liberally, considering his pro se status.  See Dutil v. Murphy, 550 F.3d 154, 158 (1st Cir. 2008).

**Discussion**

To the extent Mr. Britt seeks relief under 28 U.S.C. § 2241, he must file his claims in the judicial district with jurisdiction over his custodian, which at this time is the Warden of FCI McKean.  See 28 U.S.C. § 2241; see also Rumsfeld v. Padilla, 542 U.S. 426, 443 (2004).  This court does not have territorial jurisdiction over the FCI McKean Warden.  The court with jurisdiction over Mr. Britt's claims under § 2241 appears to be the Western District of Pennsylvania, where FCI McKean is located, not this court.

When a civil action is filed in a court that lacks jurisdiction over the claims at issue, the court must transfer the action to the judicial district that would have had jurisdiction over the matter at the time it was filed, unless a transfer is not in the interest of justice.  See 28 U.S.C. § 1631.  There is a rebuttable presumption favoring a transfer of the petition to the proper judicial district.  See Britell v. United States, 318 F.3d 70, 73 (1st Cir. 2003).  But "if an inquiring court determines that a transfer is not in the interest of justice . . . the presumption [is] rebutted."  Id. at 74.

There are two reasons why dismissal of this petition, for lack of jurisdiction, and not a transfer, would better serve the administration of justice.  First, in general, the exhaustion of BOP remedies is a prerequisite to obtaining relief under § 2241.  See Baez v. Moniz, 460 F. Supp. 3d 78, 83 n.5 (D. Mass. 2020).  It appears from the petition's allegations, and from a filing in the petitioner's criminal case, see United States' Obj. to Def.'s Mot., United States v. Britt, No. 1:19-cr-00103-JL (D.N.H., filed Oct. 31, 2023) (ECF No. 23), that the petitioner may not have completely exhausted his BOP remedies with respect to his claims challenging the BOP's

calculation of his sentence credits. A dismissal of the petition, without prejudice, would provide the petitioner with an opportunity to exhaust his BOP remedies before refiling his petition, or to explain why the doctrine of exhaustion should not preclude a court with jurisdiction from considering the merits of his claims. Furthermore, dismissing the § 2241 petition without prejudice will provide the petitioner with an opportunity to clarify his claims and the relief he seeks, before invoking the jurisdiction of an appropriate court under § 2241.

Accordingly, the district judge in this case should dismiss this § 2241 petition, without prejudice to the petitioner's ability to pursue his motion for resentencing in his criminal case, and without prejudice to his ability to file a § 2241 petition in the judicial district where he is presently serving his sentence, to the extent he seeks relief on claims challenging the BOP's calculation of his pretrial sentence credits.

## Conclusion

For the foregoing reasons, the district judge should dismiss the § 2241 petition without prejudice for lack of jurisdiction. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Failure to file objections within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Talesha L. Saint-Marc
United States Magistrate Judge

November 3, 2023

cc:   Jai Britt, pro se